UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No: 1:18-CV-00323-RP |
| | § | |
| BRANDI K STOKES, | § | |
| Defendant. | § | |

## RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Brandi K Stokes, Defendant, Response to Plaintiff's Opposed Motion to Remand case number 1-GN-18-000502 to the 419th Judicial District Court of Travis County, Texas, and would show as follows:

### BACKGROUND

After conducting little to no meaningful investigation into a complaint filed by a disgruntled family member, The Commission for Lawyer Discipline (hereinafter "Plaintiff"), filed this suit on January 30, 2018, alleging professional misconduct against Brandi K Stokes (hereinafter "Defendant") and making conclusory allegations of violations pertaining to Rules 3.01, 3.02, 3.03(a)(l), 4.02(a), 4.04(a), and 4.04(b) of the Texas Disciplinary Rules of Professional Conduct.

On February 7, 2018, Defendant filed her "Defendant's Original Answer; Motion to Order Mediation; Motion to Transfer Venue; Request for Scheduling Order; and Jury

1

Demand."

On February 26, 2018, Defendant filed her "Defendant's Affirmative Defenses."

On February 28, 2018, Plaintiff filed a "Response to Motion to Transfer Venue, Request for Level I Discovery, and Request for Scheduling Order."

On February 28, 2018, Plaintiff also filed a "First Amended Disciplinary Petition" against Defendant, making conclusory allegations of violations pertaining to Rules 3.01, 3.02, 3.03(a)(l), 4.02(a), 4.04(a), and 4.04(b)(1) of the Texas Disciplinary Rules of Professional Conduct.

On March 6, 2018, Defendant filed a "Motion for Physical Examination."

On March 23, 2018, Plaintiff filed a "Motion to Strike Frivolous Pleadings & Response to Motion for Physical Examination."

On March 23, 2018, Plaintiff also filed a "Second Amended Disciplinary Petition" against Defendant, making conclusory allegations of violations pertaining to Rules 3.01, 3.02, 4.04(a), and 4.04(b)(1) of the Texas Disciplinary Rules of Professional Conduct.

On April 3, 2018, Plaintiff filed an "Intervenor's Plea in Intervention to Unseal Court Records" in Travis County Cause No. D-1-FM-10-003078 filed in the 200th Judicial District of Travis County, Texas. The Plaintiff claimed to have standing pursuant to Tex. R. Civ. P. 76a(7); however, the case was not sealed pursuant to Tex. R. Civ. P. 76a. Therefore, Tex. R. Civ. P. 76a(7) does not operate to convey standing. As pled in the Defendant's Notice of Removal, the state court judge who purported to unseal case documents is disqualified by virtue of his criminal conduct on the case.

On April 3, 2018, Defendant filed a "Defendant's Motion to Dismiss Pursuant to All Applicable Administrative, State, Federal, and International Law, including the Geneva Conventions."

On April 11, 2018, Judge Timothy Sulak, a disqualified judge, unsealed numerous documents without regard for federal jurisdictional limits in the case imposed by the Defendant's federal security clearance background, Notice of Entitlement to Geneva Conventions Protection filed in this Court on a case currently on appeal, the Plaintiff's lack of standing, or his own disqualification.

On April 19, 2018, Defendant filed a "Notice of Removal" in this Court.

On April 20, 2018, the Plaintiff filed "Petitioner's Response to Respondent's Motion to Dismiss Pursuant to All Applicable Administrative, State, Federal, and International Law, including the Geneva Conventions to the Texas Citizens' Participation Act and 91A Motion to Dismiss" (hereinafter "Plaintiff's Response to Defendant's Motion to Dismiss").

## I. REMOVAL TIMELY FILED

Citing 28 U.S.C.A. §1446(b), Plaintiff claims that the Defendant's Notice of Removal is procedurally defective for untimeliness. However, the Defendant's Notice of Removal is timely pursuant to 28 U.S.C.A. §1446(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In accordance with 28 U.S.C.A. §1446(b)(3), the Defendant has two timely grounds for removal.

Firstly, within 30 days prior to the removal, Plaintiff filed a third petition that is even more frivolous than the first two petitions. Furthermore, all three of Plaintiff's petitions have been filed in rapid succession within a time period of less than 60-days. At this point, it became very reasonable for the Defendant, a veteran entitled to Geneva Conventions protection, to first realize that she is being harassed by the Texas State Bar.[1] Prior to the filing of this third, increasingly more frivolous petition, it was reasonable for the Defendant to believe that the Texas State Bar simply needed to see her evidence.

Secondly and as pled in Defendant's Notice of Removal, the action is no longer sustainable in state court, because counsel for the Plaintiff, Judith Gres DeBerry, circumvented multiple laws to unseal records that are sealed for the safety of participants. For example, a pending motion to dismiss stayed discovery in the case by operation of law. Rather than respect the law or the stay, Ms. DeBerry circumvented the stay to obtain discovery by intervening in another case despite her lack of standing to do so. To make matters worse, the judge that signed

---

[1] The Defendant has blown the whistle on state actor conduct that can reasonably be construed by Congress as treason. *See generally Stokes v. Sulak*, No. 1:17-CV-1044-RP (W.D.Tex. filed Nov. 3, 2017). Regardless of how Congress could construe it, the Defendant is construing it as "War Crimes" and "Crimes Against Humanity." As such and at this juncture, the Defendant is protected by both the Geneva Conventions and the Whistleblower Protection Act of 1989. Putting aside all of the LGBT conflict advanced by the Plaintiff in the Plaintiff's Response to Defendant's Motion to Dismiss, the Defendant contends that, at this juncture, she is likely being harassed by the Texas State Bar for whistle blowing on state level "good 'ole boy" conduct that has kept the world at war for at least two decades. The Defendant is calling for prison time and is advancing a case destined for the United Nations. *See generally Stokes v. Corsbie et al.*, Case No. 18-50093 (5th Cir. filed Feb. 6, 2018). *Stokes v. Corsbie et al.* could realistically provide jurisdiction for tribunals to be held regarding the conduct being reported. For this Court's information, the "Sensitive Information Data Mining Racket" reported in *Stokes v. Sulak* has been playing natural enemies against one another in local forums to serve as red herrings to their agenda. Defendant is both a Christian and an LGBT member and is sincere in her concern for the well-being of both groups. As such, the LGBT conflict highlighted by the Plaintiff in its Response to the Defendant's Motion to Dismiss only serves to incite an emotional response from readers unfamiliar with the totality of the situation.

the order granting Ms. DeBerry's request is a disqualified judge who continues to sign orders despite a federal lawsuit pending against him. While Judge Sulak may have refused to acknowledge the safety concerns at issue or his lack of jurisdiction, another judge in the Travis County Civil Courts has acknowledge in an integrally related case that the records are sealed pursuant to National Security Case Management. *See* Dkt. 1-15 (Defendant's Exhibit 16). While the Defendant also wants the records to be unsealed, the records should not be unsealed without coordinating with federal authorities and should not be unsealed by a disqualified judge. Since the State of Texas, by and through its official state actors, cannot be trusted to respect jurisdictional limits, the law, or the Defendant's constitutional and human rights, the entire case should be retained by this Court. All of the conduct described in this paragraph, including the signing and service of an order by an unqualified judge to unseal documents without regard for the safety of the participants, occurred within 30 days of the filing of the Notice of Removal.

## II. FEDERAL QUESTION JURISDICTION EXISTS IN SPADES

The Plaintiffs arguments alleging that no federal question jurisdiction exists is non-responsive to the Defendant's Notice of Removal and to pleadings across multiple integrally-related cases to which it was given notice in the Defendant's Original Answer and to which this Court is familiar. *See* Dkt. 1-2 at 3–4 (Defendant's Exhibit 3).

This is a case of first impressions, and none of the caselaw cited by the Plaintiff is relevant to the Defendant's Geneva Conventions claims or her protected status as a whistle blower on crimes involving grave breaches of the Geneva Conventions, the investigation to which would affect a significant number of Texans of high-ranking social, political, and

economic status. Given the nature of the conflict at issue, it would be an egregious abuse of discretion for this Court to remand this case back to a court system that does not even have a process for verifying its jurisdiction over veterans with a security clearance background. To date, not a single court has issued a finding one way or another regarding this issue.

## III. ABSTENTION DOCTRINE NOT RELEVANT

The Abstention Doctrine is simply not applicable in this case. This is a case of first impressions involving unique whistle-blowing activities coupled with relatively unique national security issues. No case law exists with regards to how to handle this situation. In any event, the Abstention Doctrine is not relevant to a case integrally related to Geneva Conventions protection or whistle blower protection related to a report of grave breaches of the Geneva Conventions.

## IV. THIS COURT IS RESPONSIBLE FOR ASCERTAINING ITS OWN JURISDICITON

This Court is responsible for ascertaining its own jurisdiction in a case involving a request for Geneva Conventions protection. (*See* Geneva Conventions III, art. 17). At the time of the filing of this motion, the International Committee of the Red Cross ("ICRC") is a reliable source of information regarding the text of the Geneva Conventions. A direct link to the Geneva Conventions text provided by the ICRC is provided through the following link:

https://ihl-databases.icrc.org/applic/ihl/ihl.nsf/vwTreaties1949.xsp.

This Court should first contact the Federal Bureau of Investigation (FBI). If the FBI is unable to verify the Defendant's security clearance background, this Court should make contact with the United States European Command (EUCOM), currently headquartered in Stuttgart, Germany or the Supreme Allied Commander of Europe (SACEUR), who is publicly purported to be U.S. General Curtis M. Scaparrotti at the time of the filing of this motion. If none of these resources are able to confirm the sensitive nature of the Defendant's security clearance background, this Court should directly contact NATO, currently headquartered in Brussels, Belgium, and provide them with a copy of the Brief for the Appellant along with the entire record on file for *Stokes v. Corsbie et al.*, No. 18-50093 (5th Cir. filed Feb. 6, 2018) and a copy of the entire file on record for *Stokes v. Sulak*, No. (W.D.Tex. filed Nov. 3, 2017), including but not limited to the attached excerpt entitled Defendant's Exhibit 25 (attached).

**PRAYER**

Accordingly, Defendant respectfully requests that this Court retain this case for all purposes.

*Brandi K Stokes*
Brandi K Stokes, *Pro Se* Defendant
Texas State Bar No. 24044940
BRANDI STOKES, Esq.
P.O. Box 301916
AUSTIN, TX 78703 Tel:
(512) 206-0202 Fax: (512)
519-2013
eServe: brandi.stokes@gmail.com

## CERTIFICATE OF SERVICE

I certify that on May 7, 2018, a true and correct copy of this Response to Plaintiff's Opposed Motion to Remand was served on Judith Gres DeBerry via CMRRR.

_____
Brandi K Stokes

DEFENDANT'S EXHIBIT 25

# BRANDI STOKES, ESQ.
*Attorney at Law*

---

P.O. Box 301916  
Austin, Texas 78703

brandi.stokes@gmail.com

(512) 206-0202  
Facsimile: (512) 519-2013

September 13, 2017

*Via Regular and Certified Mail*  
[REDACTED]

Re: National Security Problem Affecting Your Operations

Dear [REDACTED]

    Please find enclosed a copy of the Human Rights Complaint that I have filed with the United Nations Human Rights Council. Because the internal reporting procedures are not working at this time, I feel obliged to send a copy of this complaint directly to your office to ensure that you are aware of this problem. I have identified two layers to the effort to gather classified or sensitive information that warrant an investigation.

    The first layer appears to be nationwide and entails a network of Egyptian-nationals working in tandem with a network of socialist sympathizers. This layer is probably the most dangerous, as it is well organized, and they have local community members blackmailed.

    The second layer appears to be a local network of Texas good 'ole boys who have been siphoning sensitive information from veteran records through the local court systems. These same good 'ole boys appear to be well-connected to businesses in Texas that may be using the information to game the government contract bidding process. While less dangerous, this layer is blackmailed and cannot seem to find their way out of their dilemma.

    If there is anything that you can do to encourage the United Nations to investigate the complaint, please consider doing so without delay. Without their involvement, there may be little hope of stopping what appears to be a subtle and very hostile take-over.

Sincerely,

Brandi K Stokes