IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:18-CV-323-RP |
| | § | |
| BRANDI STOKES, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

This action involves alleged violations of the Texas Disciplinary Rules of Professional Conduct. Respondent Brandi Stokes ("Stokes") removed this action to this Court on April 19, 2018. (Notice, Dkt. 1). Now before the Court are Petitioner Commission for Lawyer Discipline's ("the Commission") Motion to Remand to State Court, (Mot., Dkt. 3), Stokes's Response in Opposition to the Motion, (Resp., Dkt. 7), and the Commission's Reply to the Response to Motion, (Reply, Dkt. 10). After considering the parties' submissions and applicable law, the Court will grant the Commission's motion.

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A federal district court must remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The Court finds that it lacks subject matter jurisdiction to hear this case.[1] It is a "long-established axiom that a plaintiff is master of his complaint." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Under the "well-pleaded complaint" rule, federal courts have original or removal jurisdiction "only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is not federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.* (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 10–11 (1983)). Thus, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Likewise, a federal counterclaim does not establish federal question jurisdiction. *Renegade Swift, LLC v. Wright*, 857 F.3d 692, 697 (5th Cir. 2017) (citing *Vaden v. Discover Bank*, 556 U.S. 49 (2009)).[2]

The Commission's disciplinary petition is a state law action for alleged violations of several of the Texas Disciplinary Rules of Professional Conduct. (Disciplinary Pet., Dkt. 1-1, at 3). These rules were promulgated by the Supreme Court of Texas pursuant to Article II, Section I of the Texas Constitution and section 81.011(c) of the Texas Government Code. They involve solely questions of Texas law, and the power to regulate the Texas State Bar rests with the Texas Supreme Court. *In re State Bar of Texas*, 113 S.W.3d 730, 732 (Tex. 2003). There is nothing on the face of the Commission's well-pleaded complaint raising a federal question.

Stokes's arguments to the contrary are unpersuasive and entirely lacking in citation to legal authority. First, Stokes claims that federal question jurisdiction exists because this Court is aware of "multiple integrally-related" cases to which Stokes has given the Court notice in her original answer. (Dkt. 7, at 5; *see* Dkt. 1-2, at 3–4). But Stokes cannot base removal jurisdiction *for this case* on other

---

[1] Because the Court does not have subject matter jurisdiction over this action, the Court declines to consider whether Stokes's removal was timely.

[2] Congress has abrogated this rule to the limited extent that federal counterclaims arising under the copyright or patent laws may serve as a basis for removal to federal court, but such claims are not at issue here. *See Donahue v. Tokyo Electron Am., Inc.*, 42 F. Supp. 3d 829, 834 (W.D. Tex. 2014).

cases she has filed or intends to file in this or other Courts. The well-pleaded complaint rule "pertains solely to what appears on the face of the complaint." *Dardeau v. W. Orange-Grove Consol. Indep. Sch. Dist.*, 43 F. Supp. 2d 722, 726 (E.D. Tex. 1999). Stokes's pleadings in other matters do not impart federal questions on the Commission's disciplinary action.

Second, Stokes alleges that her "Fourteenth Amendment equal protection rights" have been violated by state actors during her disciplinary proceedings—namely, dismissing Stokes's complaint against a "high-power male attorney" without "reviewing the evidence"; using "a painful family dispute" as a "tool of harassment"; "aggressively challenging a discovery request"; and "circumventing state law and procedural rules to obtain discovery." (Not., Dkt. 1, at 2). These claims challenge specific procedures in a state court proceeding and do not confer subject matter jurisdiction. Under the *Feldman* rule, federal courts have subject matter jurisdiction over

> *general challenges to state bar rules*, promulgated by state courts in non-judicial proceedings, which do not require review of a final state-court judgment in a particular case.

*Musselwhite v. State Bar of Texas*, 32 F.3d 942, 945 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)) (original emphasis). In contrast, federal courts *do not* have subject matter jurisdiction over

> challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.

*Id.* at 946 (quoting *Feldman*, 460 U.S. at 486). Applying the *Feldman* rule to disciplinary proceedings by the Texas State Bar, the Fifth Circuit has made clear that "the Texas scheme for disciplining attorneys is fully capable of considering the constitutional arguments of attorney-defendants relating to specific procedures followed in their cases." 32 F.3d 942, 947 (5th Cir. 1994) (quoting *Bishop v. State Bar of Texas*, 736 F.2d 292, 294 (5th Cir. 1984)). Thus, where the constitutional attack is made

on particular aspects of the attorney-defendant's state disciplinary proceedings, federal courts are without jurisdiction to consider the attack. *Id.* at 946–47. Because Stokes's Fourteenth Amendment claims challenge specific procedures and rulings in her disciplinary proceedings, *see* (Notice, Dkt. 1, at 2), they do not establish removal jurisdiction.

Finally, Stokes's Geneva Conventions claims also fail to raise a federal question. The basis of Stokes's Geneva Conventions claims is that Stokes alleges the disciplinary action against her is "harass[ment] by the Texas State Bar for whistle blowing" on conduct she "is construing [ ] as 'War Crimes' and 'Crimes Against Humanity.'" (Resp., Dkt. 7, at 4 n. 1). The basis for Stokes's claims is unclear, but at best, she appears to be claiming a federal *defense* to the disciplinary action the Commission is taking against her. But defenses that raise federal questions do not confer subject matter jurisdiction. *Bernhard*, 523 F.3d at 551. Stokes's Geneva Conventions claims, therefore, are also insufficient to establish removal jurisdiction.

Accordingly, for these reasons, **IT IS ORDERED** that the Commission's Motion to Remand to State Court, (Dkt. 3), is **GRANTED**. This case is **REMANDED** to the 419th Judicial District Court of Travis County, Texas.

**IT IS FURTHER ORDERED** that all pending motions in this case are **DISMISSED AS MOOT**.

The Clerk of the Court shall **CLOSE** this case.

**SIGNED** on October 23, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE